```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLON MULLINGS                  :       CIVIL ACTION
                                 :
     v.                          :
                                 :
MICHAEL WENEROWICZ, et al.       :       NO. 12-3422
```

ORDER

AND NOW, this 29th day of January, 2013, upon consideration of Marlon Mullings's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), the defendants' response thereto (docket entry # 12), and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (docket entry # 14), to which no party filed objections within the fourteen-day period that Local R. Civ. P. 72.1 IV(b) prescribes, and the Court agreeing with Judge Perkin's conclusion that Mullings's petition is statutorily time-barred and does not warrant equitable tolling because Mullings has failed to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing", Holland v. Florida, 130 S. Ct. 2549, 2563 (2010) and indeed has failed to make any argument that extraordinary circumstances prevented him from asserting his rights through a timely habeas corpus petition, and the Court further agreeing that Mullings has

failed to demonstrate that any mental incompetence he suffers has affected his ability to file a timely habeas petition, as Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) requires, and the Court finally agreeing with Judge Perkin's assessment that Mullings did not act in a reasonably diligent fashion to preserve his rights in this Court, it is hereby ORDERED that:

    1.   Judge Perkin's Report and Recommendation (docket entry # 14) is APPROVED and ADOPTED;

    2.   Mullings's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DENIED;

    3.   Mullings having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability; and

    4.   The Clerk of Court shall statistically CLOSE this case.

                                                BY THE COURT:

                                                /s/ Stewart Dalzell, J.